UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

J&J SPORTS PRODUCTIONS, INC.  CIVIL ACTION

VERSUS

NO. 14-269-BAJ-SCR

KCK HOLDINGS, LLC d/b/a THE M
BAR, KEITH B. HODGE, MD,
TERRAL C. JACKSON, JR., KEVIN
G. WORK, MD, AND J. CAMILLE
WHITWORTH

RULING AND ORDER

Before the Court are a **Motion to Set Aside Default (Doc. 22)** and a **Motion for Leave to File Out of Time Answer (Doc. 23)**, filed by Defendant Terral C. Jackson ("Jackson"). Jackson seeks to set aside a Clerk's entry of default against him and file an Answer to the Complaint filed by Plaintiff J&J Sports Productions ("J&J"). J&J has not filed an opposition to either motion. The Court heard oral arguments on the Motion to Set Aside Default (Doc. 22) on March 10, 2015. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, Jackson's **Motion to Set Aside Default (Doc. 22)** and **Motion for Leave to File Out of Time Answer (Doc. 23)** are GRANTED.

I.  Background

   A.  J&J's Allegations

On May 1, 2014, J&J filed this lawsuit against Jackson under 47 U.S.C. § 605, *et seq.*; 47 U.S.C. § 553, *et seq.*; and 18 U.S.C. §§ 2511(1)(a), (5), and 2520(a). J&J's Complaint alleges that on May 5, 2012, Jackson and his codefendants

supervised and directed their employees to illegally intercept and broadcast in their commercial establishment a nationally telecast program for which J&J had exclusive nationwide commercial distribution and broadcast rights, and for which Defendants did not have sublicensing rights. (Doc. 1 at ¶¶ 13, 14, 19, & 20). J&J further alleges that the unauthorized interception "was done willfully and for the purposes of direct and/or indirect commercial advantage and/or private financial gain." (Doc. 1 at ¶ 23).

### B. Procedural History

According to the record, Jackson was served with a summons notifying him that a lawsuit had been filed against him on May 13, 2014.[1] (Doc. 11). The proof of service affidavit was filed into the record on June 30, 2014. (*Id.*). However, Jackson failed to file an Answer to the Complaint or a motion on or before June 3, 2014, thereby missing the twenty-one day deadline outlined in Federal Rule of Civil Procedure ("Rule") 12; nor did Jackson request an extension of time to file an Answer or motion under Rule 12. Indeed, it is uncontested that Jackson did not file any documents in this action until approximately three months after service of the Complaint.

On August 8, 2014, J&J filed a Motion for Clerk's Entry of Default (Doc. 19). In its motion, J&J alerted the Court that its counsel was contacted on August 5, 2014 by a lawyer who had represented Jackson in other unrelated matters, but was not admitted to practice in this district. (Doc. 19 at p. 1 n.1). Jackson's attorney

---

[1] The proof of service affidavit states that the summons was personally served on Jackson's co-occupant/family member at Jackson's Camellia Race Drive address in Baton Rouge, Louisiana.

"stated that he would refer the matter to another lawyer." (*Id.*). J&J filed its Motion for Clerk's Entry of Default four days later, further indicating that its counsel had not received any additional communication from any attorney acting on Jackson's behalf. (*Id.*). Rule 55 requires the Clerk of Court to enter a default against any party that has "failed to plead or otherwise defend . . ." against an action. Fed. R. Civ. P. 55(a). Accordingly, on the same day, the Clerk of Court entered an Order of Default against Jackson (Doc. 20).

One week after the Clerk entered the Order of Default against Jackson, Jackson concurrently filed the motions under consideration here (Docs. 22 & 23).

## II. Standard of Review

The service of summons or lawful process triggers the duty to respond to a complaint. *Fagan v. Lawrence Nathan Assocs.*, 967 F.Supp.2d 784, 795 (E.D. La. 2013) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999)). Under Rule 55, failure to respond may result in the entry of a default or a default judgment. *Id.* Default judgments are "generally disfavored in the law" in favor of a trial upon the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). However, Rule 55 does provide, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The Fifth Circuit has held that although courts apply "essentially the same standard" to both a motion to set aside a default and a motion to set aside a judgment by default, the former is "more readily granted." *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008) (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 192)). Accordingly, the Fifth Circuit has held that a party who has entered an appearance in a matter should be granted relief from a default judgment. *See, e.g., Sun Bank of Ocala v. Pelican Homestead Sav. Ass'n*, 874 F.2d 274 (5th Cir. 1989) (reversing a default judgment where the defendant indicated to the plaintiff he intended to contest the claim, notwithstanding that the defendant did not properly file any responses with the court).

### III. Analysis

Despite Jackson's late response to the Complaint, the Court must consider whether Jackson made a sufficient appearance in this action which would render a finding of default against him inappropriate. The courts have broadly defined what constitutes an appearance. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141–42 (construing the definition of "appearing" under Rule 5). A party is considered to have appeared when it indicates "in some way an intent to pursue a defense." *United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992). Doing so does not require a party to physically appear in court or file a document into the record, but can be accomplished through "a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the

4

claim." *Sun Bank of Ocala*, 874 F.2d at 276 (internal quotations omitted). The Fifth Circuit has described this as "a relatively low threshold." *N.Y. Life Ins. Co.*, 84 F.3d at 142 (quoiting *McCoy*, 954 F.2d at 1003).

The facts of this case are analogous to those of *Charlton L. Davis & Co.*, in which the Fifth Circuit vacated the district court's order denying a defendant's motion to set aside a default judgment. *Charlton L. Davis & Co., P.C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977). In *Charlton*, the defendant learned the case was in default after the default had been entered, but before the plaintiff filed a motion for default judgment. *Id.* at 309. The defendant's counsel then both phoned and wrote the plaintiff's counsel to indicate an intent to defend and to request an extension of time to respond. *Id.* at 309. The plaintiff then filed a motion for a default judgment without notifying the defendant. *Id.* at 309. The Fifth Circuit concluded that "the plaintiff knew [the defendant] had a clear purpose to defend the suit" because of the phone call and letter. *Id.* at 309; *see also N.Y. Life Ins. Co.*, 84 F.3d at 142 (holding that a defendant's phone call to the plaintiff's counsel informing her that the defendant would not sign a stipulation and was attempting to retain counsel to defend against the suit independently constituted an appearance).

Here, J&J has described an interaction between its counsel and Jackson's representative that constitutes an appearance. The phone call Jackson's representative made to J&J's counsel was an informal act which provided J&J with notice that Jackson intended to defend against the lawsuit. J&J, therefore, had

notice that Jackson would contest the action prior to its motion for an entry of default. Jackson made a response—although not a complete or timely response—to J&J's formal court action prior to the entry of default. As such, the Court holds that a finding of default against Jackson is inappropriate, and the action should proceed.

Accordingly,

**IT IS ORDERED** that Defendant Terral C. Jackson's **Motion to Set Aside Default (Doc. 22)** and **Motion for Leave to File Out of Time Answer (Doc. 23)** are **GRANTED**.

Baton Rouge, Louisiana, this 24th day of March, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**